7/23/2021 1:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55651339
By: Brenda Espinoza
Filed: 7/23/2021 1:53 PM

CAUSE NO. 2021-40227

| | |
|---|---|
| FRANCES MCINTIRE-FREEMAN heir to FRANCIS M. BOYD, deceased,<br>   *Plaintiff,*<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL 1 INC. TRUST 2006-NC2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC-2;  AND SPECIALIZED LOAN SERVICING LLC,<br>   *Defendants.* | IN THE DISTRICT COURT OF<br><br><br>61st  JUDICIAL DISTRICT<br><br><br><br>HARRIS COUNTY, TEXAS |

### DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL VERIFIED PETITION AND COUNTERCLAIM AGAINST PLAINTIFF

TO THE HONORABLE JUDGE OF SAID COURT:

    COME NOW DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC. TRUST 2006-NC2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC-2 ("DB") and SPECIALIZED LOAN SERVICING LLC ("SLS" and with DB, collectively, "Defendants") and files this Original Answer to Plaintiff's Original Verified Petition (the "Petition") and Counterclaim against Plaintiff and, in support hereof, respectfully show this Honorable Court the following:

### I.
### VERIFIED DENIAL

    1.    Pursuant to Rule 93(2) of the Texas Rules of Civil Procedure, Defendants specifically aver that Plaintiff is not entitled to recover in the capacity in which she sues. Pursuant to 93(4) of the Texas Rules of Civil Procedure, Defendants specifically aver that there

EXHIBIT A

is a defect in parties; based on a thorough review of the facts and the public record, Plaintiff is not representative of Borrower's estate. Plaintiff does not own the Property that is the basis for this suit.

## II.
### GENERAL DENIAL

2.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each, every, all and singular, allegation contained in Plaintiff's Petition. Defendants demand strict proof by a preponderance of the evidence and/or by clear and convincing evidence as required by the laws and constitutions of the State of Texas and of the United States.

## III.
### AFFIRMATIVE DEFENSES

3.    Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of release.

4.    Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense that Plaintiff's claims are barred by contract.

5.    Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of waiver.

6.    Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of justification.

7.    Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of limitations, collateral estoppel, and/or *res judicata*.

8.    Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert that there were independent or intervening causes of Plaintiff's damages.

**EXHIBIT A**

9. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert that their acts were not the producing cause of Plaintiff's damages.

10. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of reliance upon information from other sources pursuant to TEX. BUS. & COM. CODE §17.506(a).

11. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of contributory negligence. Specifically, Plaintiff's alleged damages, if any, were caused solely, or alternatively, in substantial part, by Plaintiff's own negligence or other acts or omissions. Pleading in the alternative, Defendant invokes the provisions of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, and would show that, to the extent Plaintiff sustained any damages, which is not admitted but is denied, the amount of recovery, if any, must be barred or, alternatively, reduced by Plaintiff's percentage of fault, negligence or responsibility.

12. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants deny that Plaintiff is entitled to any recovery from Defendant. However, to the extent any recovery is awarded to Plaintiff, such recovery must be offset by any amounts received from joint tortfeasors or other defendants according to their proportionate responsibility under the applicable Texas law. Defendant prays for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to any matter pertaining to the claim or claims made herein by Plaintiff. In this regard, Defendant invokes all rights under law, including without limitation, any above-mentioned rights or election of rights provided by §33.014, or otherwise in Chapter 33 of the Texas Civil Practice & Remedies Code, or by any applicable law.

**EXHIBIT A**

13. If this Court finds that Defendants committed error, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the defense of *bona fide* error.

14. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense that the economic loss rule applies and bars Plaintiff from recovery in this litigation.

15. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the statute of frauds applies in this matter and bars Plaintiff from recovery in this litigation.

16. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants are entitled to an offset against Plaintiff's damages, if any, for the amount due and owing under the subject Note and Security Instrument.

17. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Plaintiff's equitable claims are barred, in whole or in part, because Plaintiff has unclean hands.

18. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants have no contractual relationship with Plaintiff; Plaintiff is a third party who has no right to recover from Defendant.

19. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Plaintiff has no contractual relationship with Defendants; Plaintiff is not Defendants borrower.

20. Defendants reserve the right to amend this Answer to assert other and further defenses.

### III.
### COUNTERCLAIM

*Frivolous Lawsuit under Texas Law and Reimbursement of Attorneys' Fees and Costs Pursuant to the Note and Deed of Trust*

21. Plaintiff filed this frivolous lawsuit to stop foreclosure proceedings. This lawsuit is Plaintiff's attempt to stop foreclosure without a legitimate basis to sue Defendants. Plaintiff's

EXHIBIT A

pleadings in this matter violate Tex. Civ. Prac. & Rem. Code §§9.011 *et seq.* and §§10.001 *et seq.* because the pleadings are (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and interposed for an improper purpose, such as to cause unnecessary delay and/or needless increase in the cost of litigation.

22.     Plaintiff filed a groundless lawsuit to delay Defendants' right to foreclose and take possession of its collateral following default.

23.     On information and belief, Plaintiff and/or others continue to retain possession of the Property without making payments on the Note and Security Instrument at issue.  Plaintiff now seeks injunctive relief, invoking the powers of this Court, to prevent dispossession from the Property.

24.     The Note and Security Instrument permit Defendants to recover attorneys' fees and costs.  In conjunction with the terms of the Note and Security Instrument, Defendants seek recovery of its reasonable and necessary attorneys' fees, witness fees, costs, fees of experts and deposition expenses, if any.

## IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that:

(1)     Plaintiff takes nothing by reason of this suit;

(2)     The Court award Defendants their reasonable and necessary attorneys' fees and costs incurred in its defense; and

(3)     Defendants be awarded such other and further relief, at law or in equity, to which they may be justly entitled.

        Respectfully submitted,

        GALLOWAY JOHNSON TOMPKINS BURR & SMITH
        A Professional Law Corporation

**EXHIBIT A**

By:   //s// Branch M. Sheppard
Branch M. Sheppard
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com
Sara A. Morton
Texas State Bar No. 24051090
smorton@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANTS**

EXHIBIT A

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Answer and Counterclaim was delivered via Electronic Filing to the following on this 23rd day of July, 2021.

***VIA-EFILING***
BRANDY M. ALEXANDER
ALEXANDER LAW, PLLC
2502 LA BRANCH STREET
HOUSTON, TX 77004

                                                  //s// Branch M. Sheppard
                                                  Branch M. Sheppard
                                                  Sara A. Morton

# EXHIBIT A